Michael Zoldan; AZ Bar No. 028128
Amanda Kuklinski; AZ Bar No. 035676
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
akuklinski@zoldangroup.com

Attorneys for Plaintiff
Kaitlin Marr

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Kaitlin Marr**, an Arizona resident<br><br>Plaintiff,<br><br>v.<br><br>**Venture REI, LLC**, an Arizona company; **Daniel Noma**, an Arizona resident; and **Michelle Noma**, an Arizona resident.<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Kaitlin Marr, for her Verified Complaint against Defendants Venture REI, LLC, Daniel Noma, and Michelle Noma hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. Plaintiff also brings this action against Defendants for their unlawful retaliation against Plaintiff in violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

3. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

4. This action is also brought to recover lost wages, liquidated damages, statutory penalties, compensatory damages, and punitive damages resulting from Defendants' violations of the FLSA's anti-retaliation provision.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff began employment as a full-time employee of Defendants beginning on or around September 18, 2017.

10. Plaintiff was terminated on March 24, 2020.

11. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. Venture REI, LLC is a company authorized to do business in Arizona.

13. Venture REI, LLC is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Daniel Noma is an Arizona resident.

15. Defendant Daniel Noma has directly caused events to take place giving rise to this action.

16. Defendant Daniel Noma is a manager of Venture REI, LLC.

17. Defendant Daniel Noma is an owner of Venture REI, LLC.

18. Defendant Daniel Noma is an employer of Venture REI, LLC.

19. Defendant Daniel Noma has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Daniel Noma is subject to individual and personal liability under the FLSA.

21. Defendant Michelle Noma is an Arizona resident.

22. From the beginning of Plaintiff's employment through approximately April 18, 2018, Defendant Michelle Noma and Defendant Daniel Noma were legally married.

23. Defendant Michelle Noma and Defendant Daniel Noma were divorced on or around April 18, 2018.

24. Defendants Daniel Noma and Michelle Noma have caused events to take place giving rise to this action as to which their marital property is fully liable.

25. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

26. Defendant Michelle Noma has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 23-362(B).

27. Defendant Michelle Noma is subject to individual and personal liability

under the FLSA.

28. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendants Daniel Noma and Michelle Noma were Plaintiff's employers.

29. Defendants Daniel Noma and Michelle Noma had the authority to hire and fire Plaintiff.

30. In September 2017, Defendants Daniel Noma and Michelle Noma hired Plaintiff.

31. On or about March 24, 2020, Defendant Daniel Noma fired Plaintiff.

32. Defendants Daniel Noma and Michelle Noma supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

33. Defendants Daniel Noma and Michelle Noma determined the hours Plaintiff worked.

34. Defendants Daniel Noma and Michelle Noma assigned Plaintiff's job duties.

35. Defendants Daniel Noma and Michelle Noma determined the rate and method of Plaintiff's payment of wages.

36. Defendant Daniel Noma signed Plaintiff's employment agreement.

37. Defendants Daniel Noma and Michelle Noma determined Plaintiff's starting wage.

38. Defendants Daniel Noma and Michelle Noma determined Plaintiff's September 2018 hourly raise.

39. Defendant Daniel Noma maintained employment records in connection with Plaintiff's employment.

40. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

41. Defendants, and each of them, are sued in both their individual and corporate capacities.

42. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

43. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

44. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

45. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that will have annual gross sales of at least $500,000 in 2019.

46. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that will have annual gross sales of at least $500,000 in 2020.

47. At all relevant times, Defendants employed Plaintiff as a "domestic service" worker as defined by the FLSA, 29 C.F.R. § 552.3 and 29 U.S.C. § 207(l).

48. At all relevant times, Plaintiff did not reside on the employer's premises permanently or for extended periods of time.

49. Plaintiff is a covered employee under individual coverage.

50. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

51. Defendant Venture REI, LLC is a real estate brokerage and advisory firm.

52. On or around September 18, 2017, Plaintiff commenced employment with Defendants as a full-time nanny.

53. Plaintiff did not reside on Defendants' premises permanently or for extended periods of time.

54. Plaintiff's primary job duties included in-home childcare services for the children of Venture REI, LLC's owner, Daniel Noma, and his wife, Michelle Noma.

55. Throughout her employment, Plaintiff received her paychecks from Venture REI, LLC.

56. Plaintiff received W-2s from Venture REI, LLC in 2017, 2018, and 2019.

57. Plaintiff signed an employment agreement on September 9, 2017 with Venture REI, LLC.

58. The employment agreement provided an hourly rate of $18 per hour net, or approximately $23.96 gross before taxes.

59. The employment agreement provided that Plaintiff would be paid for a minimum of 45 hours per week, and that all overtime hours would be paid at her regular rate of pay.

60. On or around September 18, 2018, Plaintiff received a raise of approximately $1 per hour for a new gross hourly wage of $24.96.

61. Between September 18, 2017 and March 24, 2020, Defendants failed to

properly compensate Plaintiff for all her overtime hours.

62. Plaintiff was regularly scheduled to work a minimum of 45 hours per week, and routinely worked in excess of 45 hours per week at Defendants' instruction.

63. Defendants paid Plaintiff her regular hourly rate for all hours over 40 and did not pay her one-and-one-half time overtime premium for her overtime work as required by the FLSA.

64. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all her overtime hours.

65. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours and required her to work overtime as a condition of her employment.

66. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

67. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

68. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

69. On April 13, 2020 at 9:20 a.m., Plaintiff's counsel sent Defendant Daniel Noma a demand letter via email for payment of Plaintiff's unpaid overtime wages.

70. On April 13, 2020 at 9:34 a.m., Defendant Daniel Noma texted Plaintiff screenshots of her profile on "Seeking Arrangement," an adult dating website which specializes in matching up a paying partner ("sugar daddy") with younger companions ("sugar babies") who typically receive cash, gifts, or other material benefits.

71. Defendant Daniel Noma accompanied these screenshots with a text stating "I'll give you 30 mins to withdraw the claim or I go public with this. Your call here… we can both play hard."

72. Defendant Daniel Noma sent this threatening text message because Plaintiff made a complaint about Defendants' failure to pay her overtime wages.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

73. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

75. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

76. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

77. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

78. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

79. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

80. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek between September 18, 2017 and March 24, 2020 and failed to pay proper overtime wages.

81. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

82. Defendants have not made a good faith effort to comply with the FLSA.

83. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FLSA RETALIATION)

84. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

85. In pursuing unpaid overtime wages against Defendants by sending a letter to Defendant Daniel Noma demanding payment of these wages, Plaintiff engaged in FLSA-protected conduct.

86. In response to Plaintiff's counsel sending the demand letter, Defendants threatened to expose potentially embarrassing and damaging information about Plaintiff.

87. Defendants threat was retaliatory in nature and done solely to retaliate against Plaintiff for her protected activity.

88. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3).

89. Plaintiff is therefore entitled to compensatory, liquidated, punitive damages, attorneys' fees, and costs.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

ii. Retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

B. For the Court to award compensatory damages, including liquidated damages, and punitive damages pursuant to 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 23, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Kaitlin Marr

## VERIFICATION

Plaintiff Kaitlin Marr declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Kaitlin Marr*
_____
Kaitlin Marr